## Jackson *ex dem.* the people *against* Snyder.

The judgment of conviction under the act for the forfeiture of estates, &c. is considered as the conviction; and where such judgment had been rendered in 1781, but the record was not signed until *July*, 1783, it was held, that the conviction was good, and not within the provisions of the treaty of peace with *Great Britain*.

THIS was an action of ejectment. On the trial of the cause, the record of the conviction of the attainder of *Francis Pfister*, under whom the lessors of the plaintiff claimed title, was produced, and it appeared that the judgment was signed the 14th *July*, 1783. It was objected, on the part of the defendant, that as the roll was signed subsequent to the preliminary treaty between *Great Britain* and the *United States*, it was not competent evidence, but the objection was overruled, and a verdict found for the plaintiff. It appeared from the record, that the judgment of conviction had been rendered in *July* term, 1781, though the record was not signed at that time.

*Van Vechten* and *Foote*, for the defendant, now moved to set aside the verdict, on the ground, that the record of conviction was signed after the treaty of peace. They contended that the conviction could only take effect from the time the record was signed, and that as the people claim under the conviction, they must fail in making out a title.

*Woodworth*, attorney general, contra. The conviction was complete, and took effect at the time the judgment was rendered, and without signing the record. The forfeiture takes place immediately on conviction, and the person convicted is thereby divested of his property.*

*Per Curiam.* The only question is, what is to be considered as a conviction. We are clearly of opinion that the judgment of conviction rendered by the court in 1781, must be deemed the conviction, and being prior to the preliminary articles of peace, the title in the property forfeited, became vested in the people.

Judgment for the plaintiff.